UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEFFREY DUNCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:11-CV-367 |
| ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 13], and the defendant's Motion For Summary Judgment. [Doc. 15]. Plaintiff Jeffrey Duncan ("Duncan") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

I. **BACKGROUND**

Plaintiff was 39 years of age when the ALJ issued his decision in September, 2010 (Tr. 21, 28). He is a high school graduate (Tr. 28). He has a driver's license, and he drives (Tr. 35). The plaintiff has work experience as a production welder for Johnson Controls (Tr. 109-110). He began work in 1992 and he last worked in April, 2007 (Tr. 29, 109).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The medical history of the Plaintiff and the content of the ALJ's Decision have been set forth in the Memoranda of the parties, are not in dispute [Doc. 14; Doc. 16], and need not be repeated here. In summary, the ALJ found that the Plaintiff has the residual functional capacity to perform light work, except that Plaintiff will require a sit/stand option, with certain postural and environmental limitations (Tr. 17).

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

    1. If claimant is doing substantial gainful activity, he is not disabled.

    2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

    3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

    4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

    5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

**III.    STANDARD OF REVIEW**

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d

270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

4

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV.    POSITIONS OF THE PARTIES

Duncan alleges that he has been disabled and unable to work since April, 2007. Duncan alleges total disability, based on chronic back pain, as the result of a lumbar fracture sustained in a motor vehicle accident which occurred in approximately 2000 (Tr. 35). Plaintiff testified that after the motor vehicle wreck back injury in 2000, he received medical treatment and returned to work for approximately six years. In November, 2007, Duncan had back surgery, a lumbar fusion (Tr. 31). Duncan testified that this procedure did not relieve his pain (Tr. 31).

The Commissioner asserts that substantial evidence supports the RFC found by the ALJ, and the ALJ's conclusion of not disabled. Based on this RFC, and other appropriate factors specific to Plaintiff, the vocational expert testified that there were jobs in significant numbers in the national economy which the Plaintiff could perform (Tr. 35-38).

## V. ANALYSIS

The issue in this case is whether the ALJ erred in not giving controlling weight to the opinions of Ken Kozawa, M.D., Duncan's treating physician. Kozawa opined that Duncan, due to chronic back pain, "is medically disabled and shall remain so" (Tr. 432). He further opined that Duncan's "condition will decline as time goes by" (Tr. 432; 433-36).

The law is well-settled that a treating physician's opinion is entitled to great weight, unless that opinion is not supported by clinical findings in the medical record and other evidence, such as a plaintiff's activities of daily living. Smith v. Commissioner of Social Security, 482 F.3d 873, 877 (6th Cir. 2007). In addition, an ALJ is not bound by a physician's conclusory opinion that a claimant is unable to work. Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007). Moreover, an ALJ may discount a treating physician's opinion if it appears to be based on the plaintiff's subjective complaints, without sufficient support from objective clinical or neurological findings. Warner v. Commissioner of Social Security, 375 F.3d 387, 391 (6th Cir. 2004).

The Court agrees with the Commissioner that substantial evidence supports the ALJ's Decision. The ALJ considered the Plaintiff's testimony, his activities of daily living, and the lack of any objective medical findings showing a physical basis for the alleged disabling back pain:

> While the evidence confirms the claimant has experienced significant lower back trauma, his allegations as to its debilitating effects are not fully credible. First, the claimant testified he worked for several years after incurring the injury, with no evidence of any intervening event that would have exacerbated his condition. The claimant has provided no convincing details regarding factors which precipitate the allegedly disabling conditions, claiming that the symptoms are present constantly. There is no consensus among the claimant's treating physicians as to the source of his pain. Furthermore, the claimant's description of the severity of his pain has been so extreme as to

6

> appear implausible. He reported 10 out of 10 pain to his physical therapist in 2008. Yet, in 2009 when his condition supposedly was deteriorating, the claimant told the consultative examiner that he drove twice a week, dined out with his family every week, attended his son's sporting events and played video games with his children. In sum, the claimant has admitted certain capabilities which provide support for part of the residual functional capacity conclusion in this decision. . . Only limited weight is given to the opinion of the claimant's treating physician, Dr. Kozawa. The doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed uncritically to accept as true most, if not all, of what the claimant reported. Yet as explained elsewhere in this decision, there exists good reasons for questioning the reliability of the claimant's subjective complaints (Exhibit 7F [Report of Ernest Wood, M.D., Tr. 399-404]).
>
> In sum, the above residual functional capacity is supported by the claimant's medical records, the residual functional capacity assessment prepared by the State Agency's consultant as modified by the claimant's subjective statements to the extent deemed credible, and my thorough review of the record as a whole.

Therefore, the ALJ gave good and sufficient reasons for not giving controlling weight to the opinions of Dr. Kozawa. In addition, Plaintiff's ability to work for several years after the back injury undermines his claim of limitations which are totally disabling. Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir. 1990).

The ALJ properly gave weight to the findings of Ernest Wood, M.D., state agency medical consultant (Tr. 399-404). State agency medical consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if they are supported by the evidence. 20 C.F.R. § 416.927(f)(2); SSR 96-6p. Although the state agency physician did not review all of the evidence, his assessments were supported by the medical evidence and provide

additional evidence to support the ALJ's findings, including his finding that Plaintiff's impairments did not meet or equal a listed impairment and his assessment of Plaintiff's RFC.

It is **RECOMMENDED** that the Plaintiff's Motion For Summary Judgment [Doc. 13] be **DENIED** and that the Defendant's Motion For Summary Judgment [Doc. 15] be **GRANTED**.[1]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).